Edward E. Pellegrini, D.P.M. President, Colorado Podiatry Board 1525 Sherman Street — 1st Floor Denver, Colorado 80203
Dear Dr. Pellegrini:
QUESTION PRESENTED AND CONCLUSION
I am in receipt of your letter of August 10, 1976 in which you inquire whether or not nurses may lawfully administer medications prescribed by a licensed podiatrist. I submit the following opinion in response thereto.
 Professional and practical nurses may not lawfully administer medications prescribed by a licensed podiatrist.
ANALYSIS
A very similar question was raised and considered in Attorney General Opinion 71-4610 issued by then Attorney General Duke Dunbar on September 8, 1974. (Attachment A) That opinion stated that a registered professional nurse may not administer medications and treatments prescribed by a person licensed to practice chiropody in the State of Colorado. However, because your question deals with both practical and professional nurses and because the section of the statute construed in Opinion 71-4610 was subsequently (in 1973) repealed and reenacted, further clarification is necessary.
C.R.S. 1973, 12-38-103(5) defines the practice of practical nursing in the following way:
 "Practice of practical nursing" means the performance for compensation of selected acts in the care of the ill, injured, or infirm and administering selected treatments and medications prescribed by a physician or dentist under the direction of a registered professional nurse, a licensed physician, or a licensed dentist . . . . (Emphasis added.)
The statutory language is clear. Only those medications which are prescribed by a physician or dentist may be administered by a practical nurse when she is under the appropriate direction.
With respect to professional nursing, C.R.S. 1973, 12-38-202(9) states, in relevant part:
 "Practice of professional nursing" means the diagnosing and treating of human responses to actual or potential health problems through such services as:
 (c) Executing medical regimens as prescribed by a licensed or legally authorized physician or dentist;
Further, subsection (7) of that section states:
 "Medical regimen" means that aspect of care which implements the medical plan as prescribed by a licensed or otherwise legally authorized physician or dentist. (Emphasis added.)
The above definition, describing the scope of practice by a professional nurse, appears to differ from the previous statutory definition (C.R.S. 1963, 97-1-2(1)) by giving examples rather than including an exclusive list of authorized practices. However, one of the enumerated examples, the execution of medical regimens, by specific statutory language is limited to those regimens prescribed by "a licensed or otherwise legally authorized physician or dentist." Moreover, the definition of medical regimen itself is limited to a plan prescribed by a physician or dentist and likewise does not mention plans prescribed by podiatrists. In light of those limitations, it appears that, with respect at least to the execution of medical regimens, the legislature intended to exclude plans or medications prescribed by a podiatrist.
The further question arises as to whether a podiatrist falls within the definition of a "physician." Neither the Medical Practice Act of 1951 set forth at C.R.S. 1973, 12-36-101 etseq. nor the statute dealing with podiatrists at C.R.S. 1973, 12-32-101 et seq. specifically defines the term "physician" and leaves unclear which licensees fall within that term. This apparent ambiguity was specifically addressed by the Colorado Supreme Court in Colorado Chiropractic Associationv. State, 467 P.2d 795, 799 (Colo. 1970). In deciding a statutory question of whether one who died under the care of a chiropractor was "death under medical attendance," the court construed medical attendance in terms of the practice of medicine and stated:
 An examination of many sections relating to the healing arts leads us to the inescapable conclusion that the term `physician' relates solely to doctors of medicine and doctors of osteopathy.
SUMMARY
Thus, it is my opinion that, under the current applicable statutes and case law, neither a professional nurse nor a practical nurse may lawfully administer medications prescribed by a licensed podiatrist.
Very truly yours,
 J.D. MacFARLANE Attorney General
NURSES, REGISTERED NURSES, PRACTICAL MEDICAL PRACTITIONERS, LIMITED
C.R.S. 1973, 12-38-103(5) C.R.S. 1973, 12-38-202(9) C.R.S. 1973, 12-36-101
C.R.S. 1973, 12-32-101
REGULATORY AGENCIES, DEPT. Medical Examiners, Bd. of Nursing, Bd. of
Professional and practical nurses may not lawfully administer medications prescribed by a licensed podiatrist.